UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MB FINANCIAL BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>TREK EQUIPMENT CORP., MICHAEL H. CREAZZI, SHERYL D. ELDRIDGE, WELLS FARGO, N.A., and FIRST AMERICAN TITLE COMPANY, INC.,<br><br>Defendants. | Case No. 12-cv-04973 NC<br><br>**ORDER DENYING FIRST AMERICAN'S MOTION TO BE TREATED AS A NOMINAL DEFENDANT**<br><br>Re: Dkt. No. 9 |

Defendant First American Title Company moves to be treated as a nominal defendant. The issues are (1) whether California Civil Code § 2924*l* applies in federal courts, and (2) whether First American has stated a legal basis for the relief it seeks.  Because the Court concludes that § 2924*l* is a state procedural law and no legal theory presented by First American supports its motion, the Court DENIES the motion to be treated as a nominal defendant.

**I. BACKGROUND**

**A.    Procedural History**

On September 24, 2012, plaintiff MB Financial filed a complaint in this court based on diversity jurisdiction.  Dkt. No. 1.  MB Financial seeks to foreclose upon a property

Case No. 12-cv-04973 NC
ORDER DENYING MOTION RE:
NOMINAL DEFENDANT

currently owned by defendants Michael H. Creazzi and Sheryl D. Eldridge. *Id.* at 2.  MB Financial alleges that defendant Trek sold a revolving line of credit loan ("RLOC") to it for $10 million, which Creazzi personally guaranteed. *Id.* at 3.  To secure payment, Creazzi and Eldridge executed a deed of trust on their property, 10 Via Paraiso West, Tiburon, California, listing MB Financial as the beneficiary. *Id.*  Defendant First American is the trustee on this deed. *Id.*

MB Financial also seeks to foreclose upon Trek's personal property, in which Trek had granted MB Financial a security interest in order to secure payment of the principal and sum of interest due on a full recourse promissory note ("Fowler loan") and a full recourse security agreement and assignment of lease ("O'Melveny security agreement"). Creazzi personally guaranteed the Fowler loan and O'Melveny security agreement as well.

MB Financial seeks specific performance of its security agreements with Trek, which grant it the right to Trek's personal property and rents from leases, appointment of a receiver to manage the properties and rents, and an injunction to prevent the distribution or destruction of Trek's assets.  From Creazzi, MB Financial seeks damages, costs, and attorneys' fees as provided in the agreements, in addition to foreclosure on the Tiburon property.

**B.   First American's Motion**

First American filed a motion seeking to be treated as a nominal defendant within the meaning of California Civil Procedure § 2924*l*, which insulates a nominal defendant from any award of damages, attorneys' fees, or costs imposed against other defendants. Dkt. No. 9 at 4. In support of its motion, First American states that it is only mentioned in two paragraphs of the complaint and is only named at all because it is the trustee on the Tiburon property. *Id.* at 3. First American notes that although not all federal courts have allowed would-be nominal defendants to file a declaration as outlined by § 2924*l*, it argues that on a motion this Court can and should determine that it is a nominal defendant. *Id.* at 5. First American claims that, in addition to the California statute, it fits within the definition of a nominal defendant as defined by the Ninth Circuit, namely "a person who holds the subject

matter of the litigation in a subordinate or possessory capacity and to which there is no dispute." *Id.* at 5 (quoting *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998)).

No party opposes First American's motion.

**C.    Jurisdiction.**

This Court has jurisdiction under 28 U.S.C. § 1332.  All parties have consented to the jurisdiction of a United State magistrate judge under 28 U.S.C. § 636(c).

## II. STANDARD OF REVIEW

Under *Erie R.R. v. Tompkins*, federal law governs procedure in federal court. 304 U.S. 64 (1938).  Where a state law conflicts with the Federal Rules of Civil Procedure the first step is to determine whether the Federal Rule "leaves no room for the operation of [the state] law." *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 5 (1987).  If so, the Federal Rule governs, unless the Rule "exceeds statutory authorization or Congress's rulemaking power." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437 (2010) (internal citation omitted).  Under the Rules Enabling Act, 28 U.S.C. § 2072(a), a Federal Rule is valid if it regulates procedure. *Id.* at 1442.  In other words, "[i]f it governs only the manner and the means by which the litigants' rights are enforced, it is valid; if it alters the rules of decision by which the court will adjudicate those rights, it is not." *Id.* (internal citation and quotation marks omitted).

## III. DISCUSSION

**A.    Federal Rule of Civil Procedure 7 Governs Pleadings in Federal Court.**

The Ninth Circuit has not ruled on whether a § 2924*l* declaration is recognized in federal court.  The district courts to consider the issue have not allowed parties to file a § 2924*l* declaration to be treated as nominal defendants in federal court under the *Erie* doctrine.[1]  *See, e.g.*, *Kennedy v. PLM Lender Services Inc.*, No. 10-cv-04942 WHA, 2012

---

[1] For the purposes of establishing diversity jurisdiction, district courts have allowed defendants to retain nominal status under § 2924*l* where the action began in state court, the declaration was not objected to in state court, and then the action was removed to federal court. *See, e.g.*, *Wise v. Suntrust Mortgage, Inc.*, No. 11-cv-01360 LHK, 2011 WL 1466153 (N.D. Cal. April 18, 2011). This procedural posture is distinct from the case at hand because MB Financial filed its complaint in federal court and diversity jurisdiction exists and is not disputed.

Case No. 12-cv-04973 NC
ORDER DENYING MOTION RE:
NOMINAL DEFENDANT

3

WL 1038632 (N.D. Cal. Mar. 27, 2012); *Vann v. Wells Fargo Bank*, No. 12-cv-01181 PJH, 2012 WL 1910032 (N.D. Cal. May 24, 2012); *Tran v. Washington Mutual Bank*, No. 09-cv-03277, 2010 WL 520878 (E.D. Cal. Feb. 11, 2010). This Court agrees.

Section 2924*l* sets forth a type of pleading available to state court litigants who are trustees under deeds of trust. *Kennedy*, 2012 WL 1038632 at *6. It specifies a procedure for filing and serving the declaration, sets a time for objections, and states the effects of objecting and failing to object. Cal. Civ. Code § 2924*l*. Notably, there is no cause of action or right created by § 2924*l*.

Federal Rule of Civil Procedure 7(a) enumerates the only pleadings that may be filed in federal court. Fed. R. Civ. P. 7(a) ("Only these pleadings are allowed . . . ."). The list does not include declarations of nominal defendants. Rule 7 is a procedural mechanism and "governs only the manner and the means by which the litigants' rights are enforced." *Shady Grove*, 130 S. Ct. at 1442. Furthermore, Federal Rule of Civil Procedure 12 specifies the method of presenting defenses at the pleading stage in federal court. First American does not identify any case in which a court has granted a Rule 12(b) motion using § 2924*l*. Accordingly, Rule 7 and Rule 12, not § 2924*l*, provide the proper procedural mechanisms in federal court.

First American acknowledges that the courts that have considered the issue of whether § 2924*l* declarations may be filed in federal court have denied the declarations as procedurally improper, and so files a motion to the same effect. Its attempt to use a state procedural mechanism as the basis for its motion as an end-run around the jurisprudence in this district is unpersuasive.

**B.    First American Fails to Articulate Particular Grounds for the Relief It Seeks.**

Even considering the merits of First American's argument, it fails. Rule 7(b) allows parties who seek a court order to file motions and requires them to "state with particularity the grounds for seeking the order" and "the relief sought." Fed. R. Civ. P. 7(b)(1)(B), (C). First American sets forth two grounds for relief: first, § 2924*l*, and second, Ninth Circuit case law regarding subject matter jurisdiction. First American's reliance on § 2924*l* fails

Case No. 12-cv-04973 NC
ORDER DENYING MOTION RE:
NOMINAL DEFENDANT
4

because the state statute does not create a cause of action or confer any substantive rights. *See* Cal. Civ. Code § 2924*l*; *Tran*, 2010 WL 520878 at *1 ("California Civil Code § 2924*l* is . . . not state substantive law."); *Kennedy*, 2012 WL 1038632 at *7 (noting that § 2924*l* does not include "a statutory claim for relief"). Therefore, there is no substantive remedy that this Court could grant First American under § 2924*l*.

First American's reliance on *SEC v. Colello*, 139 F.3d 674 (9th Cir. 1998), is equally inapposite. The only question the Ninth Circuit addressed on appeal was whether the district court had subject matter jurisdiction to order Colello, who had been dismissed as a party, to disgorge money it found to be the product of investment fraud. *Id.* at 675. The Ninth Circuit held that the district court could order Colello to disgorge property because he was a "nominal defendant [with] no legitimate claim to the disputed property" and thus "it [was] unnecessary to obtain subject matter jurisdiction over him once jurisdiction of the defendant [was] established." *Id.* at 676.

*Colello* did not establish a procedural mechanism for parties seeking to limit their involvement in federal court. Instead, it borrowed from a Seventh Circuit opinion that approved a litigation strategy attempted by the SEC to "join[] [a party] to aid the recovery of relief without an assertion of subject matter jurisdiction." *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). Subsequent courts to apply *Colello* have done so only to determine whether a court has jurisdiction over a "nominal defendant." *See, e.g.*, *SEC v. Ross*, 504 F.3d 1130, 1141-42 (9th Cir. 2007) (holding that a nominal defendant is subject to the court's jurisdiction to order disgorgement of fraudulently transferred funds); *In re Sherman*, 658 F.3d 1009, 1012 (9th Cir. 2011) ("[A] so-called 'nominal defendant' may be ordered to disgorge funds that are traceable to fraud."); *Prasad v. Wells Fargo Bank, N.A.*, 11-cv-00894 RSM, 2011 WL 4074300 at *2 (W.D. Wash. Sept. 13, 2011) (finding that nominal defendant did not destroy diversity jurisdiction).

Here, the court's subject matter jurisdiction is not at issue. MB Financial is diverse from every defendant and the amount in controversy exceeds $75,000, which establishes diversity jurisdiction. Dkt. No. 1 at 1-2. Nor is the court's personal jurisdiction over First

American at issue. First American is a California corporation with its principal place of business in California, and MB Financial served a summons on it in accordance with Federal Rule of Civil Procedure 4(k). *Id.* at 2; Dkt. No. 8. In fact, First American does not even argue that the Court lacks jurisdiction over it. Rather, First American argues that because the complaint does not allege that it committed any act or omission in its role as trustee, it should "not be required to participate further in this litigation," and "no monetary award for damages, attorneys' fees or costs [should be] sought or imposed against [it]." Dkt. No. 9 at 4. In other words, what First American actually seeks is to be dismissed from the action because MB Financial has not stated a claim against it.

First American's legal arguments fail to state any grounds upon which this Court could treat it as a nominal defendant. The plaintiff is "the master of the complaint," and the well-pleaded complaint rule enables him to choose the claims to plead, against the parties he names, in the forum he chooses. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Here, MB Financial named First American as a defendant. First American cannot use a state procedural rule to limit its participation and potential liability in the suit. Nor can it rely on the "rather obscure common law concept of the 'nominal defendant'" that courts have used to address jurisdictional issues in order to limit its participation. *Cherif*, 933 F.2d at 414.

## IV. CONCLUSION

Because California Civil Code § 2924*l* does not provide a mechanism in federal court and because First American has failed to articulate a legal basis for the relief it seeks, its motion to be treated as a nominal defendant is DENIED. Federal Rule of Civil Procedure 12 sets forth the permissive mechanism for presenting a defense to a pleading in federal court.

IT IS SO ORDERED.

Date: December 13, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-04973 NC
ORDER DENYING MOTION RE:
NOMINAL DEFENDANT

6